Mr. Chief Justice Hall
specially concurring:
I concur in the affirmance of the judgment and subscribe to the reasoning expressed in the majority opinion, that though it was improper for the district attorney to ask the defendant the question:
“Q. And you would also tell us, I assume, that you had nothing tc do with delivering threats to the witnesses in this case; is that right?,” the court having sustained an objection thereto, ordered the same stricken, and in its final charge instructed the jury to absolutely disregard the stricken matter, the defendant’s rights were not prejudiced.
I do not subscribe to that portion of the opinion holding that the matter of the defendant’s suggested threatening of witnesses was a proper subject for cross-examination.
As applied to the facts as outlined in the majority opinion, I take particular exception to the following language contained in the majority opinion:
“* * * It is always relevant to show that a defendant in a criminal case manufactured or fabricated evidence, or by any means attempted to suppress testimony which might adversely affect him.”
In this case the district attorney offered no evidence of any of these matters. I agree that he could have done so — not to prove anything that happened at the time or place of the alleged offense, but to prove a subsequent consciousness of guilt.
The prosecution has offered no evidencé of threatening witnesses — the defendant had said nothing on the subject, confining himself to his activities at the time of the alleged offense.
*17 Neither the prosecution nor the defendant had placed in issue the question of threats. Just how one can be cross-examined upon matters on which no one has been examined is to me not entirely clear.
The prosecution could, and had it considered the matter relevant should, have offered evidence of the threats. In such case its witnesses could be cross-examined. Then had the accused seen fit to deny the charge he could have been cross-examined. To be subjected to cross-examination presupposes examination.
The object of cross-examination is to test the correctness of matters in evidence. 98 C.J.S., Witnesses, §372:
“The office of cross-examination is to test the truth of statements of a witness made on direct examination. Cross-examination serves as a safeguard to combat unreliable testimony, providing a means for discrediting a witness’ testimony, and is in the nature of an attack on his truth or accuracy. The purpose of cross-examination, however, is not limited to bringing out a falsehood, since it is also a leading and searching inquiry of the witness for further disclosure touching the particular matters detailed by him in his direct examination, and it serves to sift, modify, or explain what has been said, in order to develop new or old facts in a view favorable to the cross-examiner. The object of cross-examination, therefore, is to weaken or disprove the case of one’s adversary, and break down his testimony in chief, test the recollection, veracity, accuracy, honesty, and bias or prejudice of the witness, his source of information, his motives, interest, and memory, and exhibit the improbabilities of his testimony.”
An orderly trial of a criminal case requires that the prosecution present such evidence as it may have and wish to rely upon to establish the defendant’s guilt; that the defendant then present such matters as he may choose to weaken or destroy the prosecution’s evidence and such other affirmative matters as he may wish to *18 present; that the prosecution then be given full opportunity to rebut any new matter.
To sanction the conduct of the prosecution in this case in withholding evidence tending to show defendant’s consciousness of guilt, and then seeking to present the matter through the back door under the guise of cross-examination, does not lend itself to the orderly adjudication of matters to be resolved.
If procedures sanctioned in the majority opinion are followed, then the defendant, compelled to inject a new issue into the case, is denied the right to refute or rebut the prosecution’s testimony on the issue so injected.